## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Qwest Corporation, | Civil No. 10-3735 (DWF/JJK) |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota Public Utilities Commission; David Boyd, in his official capacity as Chairman of the Minnesota Public Utilities Commission; J. Dennis O'Brien, in his official capacity as a member of the Minnesota Public Utilities Commission; Thomas Pugh, in his official capacity as a member of the Minnesota Public Utilities Commission; Phyllis Reha, in her official capacity as a member of the Minnesota Public Utilities Commission; and Betsy Wergin, in her official capacity as a member of the Minnesota Public Utilities Commission, | |
| Defendants. | |

By Memorandum Opinion and Order dated June 27, 2011 (the "June 2011 Order"), the Court denied Qwest Corporation's ("Qwest") motion for judicial review and declaratory relief and dismissed Qwest's Complaint with prejudice. (Doc. No. 26 at 15.)[1] Judgment was entered the same day. (Doc. No. 27.)

---

[1] Qwest sought declarations that certain rulings by the Minnesota Public Utilities Commission ("MPUC" or the "Commission") regarding the regulation of rates for services and elements provided by Incumbent Local Exchange Carriers ("ILECs"), such as Qwest, violate federal law, are arbitrary and capricious, and are preempted by federal law; and that the MPUC exceeded its authority under the Telecommunications Act (the "Act").

Specifically, in the June 2011 Order, the Court held that the MPUC acted lawfully when it issued an April 23, 2010 order (the "April 2010 Order"), and explained that the MPUC's April 2010 Order applies both to wholesale elements required by Section 271 of the Act and to other wholesale elements that Qwest provides voluntarily.  (Doc. No. 26 at 8, 15.)  On July 12, 2012, the Eighth Circuit Court of Appeals issued an opinion and remanded the case for this Court to enter relief and judgment consistent with the Eighth Circuit opinion.  (Doc. No. 31.)  The Eighth Circuit held that the Commission's April 2010 Order "impermissibly intrudes on federal authority to regulate rates for elements required under [Section] 271 and interferes with the purpose and objectives of Congress and the FCC" and concluded that Commission's April 2010 Order is preempted.  (Doc. No. 26 at 19.)

The parties both submitted letters stating their respective positions on the status of the case in view of the Eighth Circuit's opinion and judgment.  Qwest submits that the Court should issue an order vacating the Commission's order in its entirety and enjoining the Commission from enforcing it.  (Doc. Nos. 33, 35.)  The MPUC agrees that the relief granted by the Court should reflect the "ultimate ruling" of the Eighth Circuit, but disputes that that Eighth Circuit's ruling requires vacating the Commission's April 2010 Order in its entirety. (Doc. No. 34 at 1.)  Instead, the MPUC submits that the Eighth Circuit's ruling only requires vacating the portion of the Commission's order that applies to elements required by Section 271 of the Act.  (*Id.*)

Because the Eighth Circuit held that the Commission is preempted from regulating the rates of elements required by Section 271, and did not reverse with regard to elements not required by Section 271 but provided voluntarily, the Court concludes that the Commission's April 2010 Order should not be vacated in its entirety.  Instead, consistent with the Opinion of the Eighth Circuit Court of Appeals, the Court enters the following:

### ORDER

1. The Court's June 27, 2011 Order (Doc. No. [26]) and Judgment (Doc. No. [27]) are **VACATED**.

2. Qwest's Motion for Judicial Review and Declaratory Relief (Doc. No. [17]) is **GRANTED IN PART** as follows:  The Commission's April 2010 Order is preempted insofar as it regulates rates for elements required under Section 271.

3. The Commission is enjoined from enforcing the April 2010 Order to the extent it seeks to regulate rates for elements required under Section 271.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  January 7, 2013            s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge